

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00014-CV

_____

IN RE JERRY LEE SANDERS

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

The underlying proceeding began in the Justice Court, Precinct 4, Hunt County, Texas, when Cheryl Vaughan, who is the independent executrix of the Estate of Dollie Barrett,[1] filed an action seeking to evict Relator, Jerry Lee Sanders, from what Sanders believes to be his residence. In his petition for a writ of mandamus, Sanders states that the justice court granted the eviction against him *in absentia*.[2] He appealed the justice court's decision to the County Court at Law No. 2 of Hunt County, the Honorable Joel Littlefield presiding. At a trial de novo, the county court at law granted the eviction and ordered the issuance of a writ of possession in Vaughan's favor. Sanders states that he filed a motion for a new trial, which the trial court heard and denied.[3] Sanders now seeks a writ of mandamus on an emergency basis, asking this Court to grant his petition and to order the County Court at Law No. 2 of Hunt County to vacate its judgment for possession and authorizing a writ of possession, pending a review by this Court of the order granting his eviction.

"An original appellate proceeding seeking extraordinary relief—such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto—is commenced by filing a petition with the clerk of the appropriate appellate court." TEX. R. APP. P. 52.1. As in this case, when a relator is seeking mandamus relief, he must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any

---

[1]Barrett died testate on or about November 25, 2020.

[2]According to Sanders, the trial on the eviction petition was set on a date when Sanders was hospitalized for problems associated with chronic obstructive pulmonary disease.

[3]The trial court has yet to enter a written order.

underlying proceeding[.]"  TEX. R. APP. P. 52.7(a)(1); *see* TEX. R. APP. P 52.3(k)(1)(A) ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of.")

Here, Sanders provides the Court with several documents, some of which were certified and sworn copies of the original document.  Yet, the very document Sanders complains of—the lower court's judgment for possession and authorizing a writ of possession—is not certified or sworn to as being a true and correct copy of the original.  Because the record in an original proceeding in a court of appeals is assembled by the parties, we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the . . . record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.)).  In this case, because Sanders failed to provide this Court with an adequate record, we must deny his requested relief.

We therefore deny Sanders's petition for a writ of mandamus.


Scott E. Stevens
Justice


Date Submitted:     March 21, 2022
Date Decided:       March 22, 2022


3